IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,079-04






EX PARTE ERIC RODGER VASQUEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 8067 IN THE 21ST DISTRICT COURT


FROM BASTROP COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault
of a child and sentenced to ten years' imprisonment. The Third Court of Appeals affirmed his
conviction. Vasquez v. State, No. 03-97-00224-CR (Tex. App.-Austin, June 11, 1998, pet. ref'd). 

 Applicant contends, inter alia, that he is actually innocent and provides an affidavit from his
daughter who states that she, her brother, and her sister fabricated the allegations against Applicant. 
Applicant's sentence has completely discharged, but he is suffering collateral consequences from this
conviction because he is required to register as a sex offender. Applicant's previous applications
were regarding a time credit issue, therefore this application is not subsequent. Tex. Penal Code
Art. 11.07 §4.

 Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Elizondo, 947
S.W.2d 202, 208 (Tex. Crim. App. 1996). In these circumstances, additional facts are needed. As
we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for findings of fact. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that he is actually innocent. The trial court shall make a finding as to whether the affidavit
from Applicant's daughter is true and credible. The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: July 1, 2009

Do not publish